IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


BILLY CLAIR KILLINGSWORTH,

      Plaintiff,

v.                                  No. CV 10-0035 MCA/LFG

JOE R. WILLIAMS,
LEONARD MANZANARES,

      Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's Motion Requesting Federal District Court Intervention In A State Court Tort Complaint. The Court construes this document as a complaint for injunctive relief. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss Plaintiff's motion-complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Before Plaintiff filed his motion-complaint, he initiated a state court action raising the same claims against the named Defendants.  Plaintiff states that the Defendants have not answered his state court complaint, and the court refuses to issue judgment.  The complaint asks this Court to issue an order granting a variety of injunctive relief.

To the extent that Plaintiff's complaint seeks an injunction order in the state court proceeding, no relief is available.  An injunction may issue under a federal writ statute, *see, e.g., Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994), if the pleading and proof standards for mandamus are met.  Plaintiff's request for injunctive relief in the state court is barred, however, by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977).  By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  And although Plaintiff does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld."  *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).  "Suffice it to say that the Act is an

absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo*, 433 U.S. at 630. The motion-complaint invokes none of the statutory exceptions and thus presents no grounds for the requested relief.

Alternatively, construing the motion-complaint as directed against the named Defendants, adjudication of Plaintiff's claims in this Court would duplicate the parallel state court litigation. And furthermore, of course, Plaintiff may not remove his state court action to this Court. *See Hamburg v. Goshen County Att'y*, No. 93-8025, 1993 WL 336012, at *1 (10th Cir. Aug. 27, 1993); *Bartnick v. City of Greenwood Village*, No. 94-1089, 1995 WL 427677, at *1 (10th Cir. July 20, 1995). In order to conserve judicial resources and avoid conflicting results, *see Hartsel Springs Ranch of Colorado, Inc., v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002); *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1133 (10th Cir. 2003), the Court will dismiss the motion-complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 is GRANTED, and the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims against the named Defendants are DISMISSED without prejudice, otherwise Plaintiff's Motion Requesting Federal District Court Intervention In A State Court Tort Complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE